IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DEVAUGHN ROBERTS, #02305062 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv102 |
| PATRICK COOPER, ET AL. | § | |

<u>REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION</u>

Plaintiff Devaughn Roberts, a prisoner confined in Beto Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165. The complaint was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report and Recommendation concerns Plaintiff's motion for preliminary injunction. (Dkt. #4). He is asking the court to direct Defendants that Plaintiff is to be free from false disciplinary charges in retaliation for filing grievances complaining about improper medical care, violations of the Americans with Disabilities Act, depriving Plaintiff of medically prescribed treatment, and retaliatory acts of harassment, and depriving Plaintiff of access to courts. The court recommends that Plaintiff's motion for preliminary injunction be denied.

<u>Background</u>

In response to the court's Order (Dkt. #5), Plaintiff filed an Amended Complaint clarifying his claims. (Dkt. #10). An amended complaint supersedes and takes the place of a previous

1

complaint filed in a case. *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986). The Amended Complaint (Dkt. #10) is the live pleading in this action.

In his Amended Complaint, Plaintiff declares that he has been in the MHMR system since he was 6 years of age, that he has an IQ of 54, and has been diagnosed with ADHD, ODD, ADD, a mood disorder, and suffers from a learning disability. He is suing Beto Unit Senior Warden Patrick Cooper, Texas Board of Criminal Justice Chairman Patrick L. O'Daniel, and Beto Unit Sgt. Hanna.

Plaintiff asserts that he is bringing claims under the First, Eighth, and Fourteenth Amendments, and the ADA. Plaintiff alleges that he has been denied his medically prescribed medications since his arrival at the Beto Unit. He further alleges that when he complained, the Defendants began to harass Plaintiff in retaliation and file false disciplinary reports against him. Plaintiff further states that on October 11, 2021, he was involved in an unjustified use of force with Sgt. Hanna outside the unit chow hall. He states that Sgt. Hanna grabbed Plaintiff around the neck in a choke hold and took him to the concrete floor causing pain and injuries. He claims that he has been denied medical showers for his broken right hand, which has open sores or wounds, and that correctional officers denied him proper medical care. Plaintiff makes a passing reference to a conspiracy amongst the officers to deprive Plaintiff of his rights. He alleges the Defendants have refused to comply with or otherwise have interfered with Plaintiff's medically prescribed treatment of Plaintiff's disability in violation of the ADA. Plaintiff seeks injunctive relief in the form of addressing denial of proper medical care and enjoining the Defendants from cruel and unusual punishment and punitive damages in the amount of $75,000.

Standard

Plaintiff's motion is governed by Rule 65 of the Federal Rules of Civil Procedure. A preliminary injunction and/or temporary restraining order is typically granted, pending trial on the merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect, for example, the *status quo* of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary injunction or temporary restraining order is within the discretion of the trial court. *Apple Barrel Prod., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

The prerequisites for a preliminary injunction and/or temporary restraining order are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit, (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmovant, and (4) that granting the preliminary injunction and/or temporary restraining order will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). Since a preliminary injunction and/or temporary restraining order is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all the elements. *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (5th Cir. 1983).

Discussion

In the present case, Plaintiff does not clearly demonstrate that he will prevail on the merits of the claims contained in his amended complaint. (Dkt. #10). Plaintiff has not shown that he has a basis for a lawsuit against the individuals that he has named in his lawsuit.

1.   *Prevailing on the merits of the underlying suit*

    a.   <u>Constitutional Claims under 42 U.S.C. § 1983</u>

Plaintiff is suing the Defendants under the First, Eighth, and Fourteenth Amendments brought pursuant to 42 U.S.C. § 1983. Under Section 1983, personal involvement in an alleged constitutional violation is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). In his amended complaint, Plaintiff merely alleges that Warden Cooper and Ombudsman O'Daniel "failed to take corrective action after being informed of denial of proper medical care and officers' misconduct." (Dkt. #10, p. 3). A defendant's personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and a defendant's conduct. *Delaughter v. Woodard*, 909 F.3d 130, 136-37 (5th Cir. 2018).

In order to successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate each defendant's participation in an alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). A civil rights plaintiff cannot simply make generalized allegations or assert legal or constitutional conclusions to satisfy these requirements. More recently, the Supreme Court held that "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A supervisory official may be held liable under Section 1983 "only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (internal quotation marks and citations omitted); *see Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006) ("[t]here is no vicarious or *respondeat superior*

4

liability of supervisors under section 1983"). Plaintiff has not alleged facts showing that either Warden Cooper or Ombudsman O'Daniel were personally involved or how each were involved in Plaintiff's constitutional claims. As these two Defendants are not personally involved in the alleged constitutional violations, there is no basis to enjoin their future behavior.

Even if Plaintiff has properly sued Warden Cooper and Ombudsman O'Daniel in their individual capacities, Plaintiff has failed to show that he will prevail on his medical deliberate indifference claims under the Eighth Amendment. Deliberate indifference to a serious medical need is an extremely high standard to meet. Claims of negligence or a disagreement with treatment will not suffice. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001).

An allegation "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Hall v. Thomas,* 190 F.3d 693, 697 (5th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). "Nor does mere negligence, neglect or medical malpractice." *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991) (citing *Fielder v. Bosshard,* 590 F.2d 105, 107 (5th Cir. 1979)) (internal quotations marks omitted); *Miles v. Rich,* 576 F. App'x 394, 396 (5th Cir. 2014), citing *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006) ("It is not enough to show mere negligence, medical malpractice, or a disagreement with one's medical treatment.")); *Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999) (While inadequate treatment "may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not."). Even gross negligence does not constitute deliberate indifference. *Lewis v. Evans,* 440 F. App'x 263, 265 (5th Cir. 2011) (unpublished) (citing *Hernandez v. Tex. Dep't of Prof. & Rev. Servs.,* 380 F.3d 872, 882 (5th Cir.

2004)). Plaintiff's conclusory statements of medical deliberate indifference do not suffice to show that there is a substantial likelihood that he will prevail on the merits of his underlying lawsuit.

Plaintiff has alleged a colorable claim against Sgt. Hanna for unnecessary or excessive use of force under the Eighth Amendment. He, however, has not shown any connection between the sole use of force incident with Sgt. Hanna and his requests for injunctive relief. He is requesting to be free from false disciplinary charges in retaliation for filing grievances complaining about improper medical care, violations of the Americans with Disabilities Act, depriving him of medically prescribed treatment, and retaliatory acts of harassment, and depriving him of access to courts. He has not asserted any facts that show that Sgt. Hanna is personally involved in these claims.

The courts have held that the purpose of preliminary injunctive relief is to preserve the *status quo* between the parties to a case and to prevent irreparable injury until the merits of the lawsuit can be reviewed. A party thus moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *Davis v. Chairman, Tex. Bd. of Criminal Justice*, 2011 WL 831417, *2 (E.D. Tex. Feb. 10, 2011), citing, *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994). In other words, the relief sought in the motion for injunctive relief must be "closely related to the conduct made the subject of the underlying complaint." *Jones v. Dep't of Corrs.,* civil action no. 5:07cv190, 2007 WL 2024836 (N.D. Fla. Oct. 17, 2007) (unpublished) (citing *Devose*). Here, Plaintiff's use of force complaint against Sgt. Hanna is not closely related to Plaintiff's request for preliminary injunction pertaining to the alleged denial of medical care, retaliation, access to the courts, etc.

b.      Statutory claims under the ADA claims

Plaintiff is asserting a claim under the ADA against Defendants Cooper and O'Daniel. Plaintiff has not clearly shown that he will prevail on the merits of his ADA claim.

First, Plaintiff may not bring a claim against any defendant in their individual capacity under the ADA. Plaintiff may not bring a 42 U.S.C. § 1983 action for damages against a state official in his individual capacity to vindicate rights conferred by the ADA. *See Rivera v. Dawson,* 2007 WL 1223914 (5th Cir. 2007) (unpublished) (citing *McCarthy ex rel. Travis v. Hawkins,* 381 F.3d 407, 412-14 (5th Cir. 2004)). A plaintiff may not sue the individual defendants for violating the ADA; only the public "entity" is amenable to suit. *See Nottingham v. Richardson*, 499 F. App'x 368, 376 n.6 (5th Cir. 2012) (noting a plaintiff may not sue defendants in their individual capacities under the ADA); *Decker v. Dunbar*, 633 F. Supp. 2d 317, 356-57 (E.D. Tex. 2008) (observing that there is no individual liability in lawsuits under the ADA, and that a plaintiff may not attempt to assert such claims by "casting [his] lawsuit under Section 1983") (citations omitted).

Second, even though Plaintiff generally complains that he has been subjected to the denial of medical care on the basis of his disability, the ADA is not violated by "a prison's simply failing to attend to the medical needs of disabled prisoners." *Nottingham*, 499 F. App'x at 368 (citing *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir. 1996)); *see also Olmstead v. L.C. ex rel. Zimring,* 527 U.S. 581, 603 n.14 (1999) ("We do not in this opinion hold that the ADA imposes on the States a 'standard of care' for whatever medical services they render, or that the ADA requires States to 'provide a certain level of benefits to individuals with disabilities.'"). The ADA does not cover the mere absence or inadequacy of medical treatment for a prisoner. *See Epley v. Gonzalez*, No. 5:18cv142, 2019 WL 2583143, at *23 (N.D. Tex. May 29, 2019) (citing *Whetstone v. Hall*,

7

No. 4:17cv158-JMV, 2018 WL 522772, at *2 (N.D. Miss. Jan. 23, 2018)). Instead, Plaintiff must show he was treated differently because of his qualified disability. *Nottingham*, 499 F. App'x at 376. Plaintiff has not alleged facts showing that he has been denied medical care because of his disability.

2. *Remaining elements under Rule 65*

Plaintiff's mere belief—that he will suffer an irreparable injury if the injunction is not granted—is not sufficient to carry his burden under FED. R. CIV. P. 65. He, furthermore, did not discuss nor clearly prove that the threatened injury outweighs the harm of an injunction. Finally, he did not discuss nor clearly prove that the injunction would not disserve the public interest. Plaintiff has failed to clearly carry the burden of persuasion on any of the four prerequisites required to establish the need for a temporary restraining order or preliminary injunction. His motion for injunctive relief should be denied.

## Recommendation

It is accordingly recommended that Plaintiff's motion for preliminary injunction (Dkt. #4), be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

It is

**ORDERED** that the Clerk of Court shall mail, by certified mail, return receipt requested, a courtesy copy of this Report and the April 27, 2022 Order (Dkt. #11) to Ms. Lashunja Allen, 4621 S. Cooper St., Ste. 131, Unit #724, Arlington, Texas 76017.

**So ORDERED and SIGNED this 29th day of April, 2022.**

*[signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE