IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **DEVAUGHAN ROBERTS,**  §<br>§<br>**Plaintiff,**  §<br>§<br>v.  §<br>§<br>**PATRICK COOPER, SR. WARDEN, BETO UNIT; PATRICK L. O'DANIEL, TDCJ-ID IND. OMBUDSMAN, TBCJ; UNKNOWN HANNA, SERGEANT, BETO UNIT; UNKNOWN MOSS, OFFICER, BETO UNIT; AND UNKNOWN UKIRKSEY, CAPTAIN, BETO UNIT;**  §<br>§<br>§<br>§<br>§<br>§<br>**Defendants.** | **CIVIL ACTION NO. 6:22-CV-00102-JCB** |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Devaughan Roberts, proceeding *pro se* but not *in forma pauperis,* is an inmate confined in the Texas prison system. Plaintiff filed his lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. (Doc. No. 2.)

Plaintiff initially filed this action on March 22, 2022, paying the statutory filing fee of $402, and alleging various constitutional violations against Defendants Patrick L. O'Daniel, Patrick Cooper, and Sergeant Hanna, as well as other unknown defendants. (Doc. No. 1.) On March 24, 2022, the court issued an order identifying deficiencies in Plaintiff's complaint and directing him to file an amended complaint. (Doc. No. 5.) On April 11, 2022, Plaintiff filed his

first amended complaint in this matter. (Doc. No. 10.) On April 27, 2022, the court issued an order noting that the named Defendants had not been properly served in this case and informing Plaintiff that because he was not proceeding *in forma pauperis* that he is responsible for effectuating service on the defendants before the expiration of 90-days pursuant to Fed.R.Civ.P 4(m). (Doc. No. 11.) The court noted the deficiency in Plaintiff's attempt to serve Defendants Patrick Cooper and Patrick L. O'Daniel. (Doc. Nos. 6, 7.) The court informed Plaintiff of the relevant rules for service under Federal Rule of Civil Procedure 4(e), thereby essentially instructing Plaintiff on how to accomplish proper service. (Doc. No. 11, at 1–3.) The court further warned Plaintiff that failure to comply with the court's order and timely effectuate service may result in the dismissal of Plaintiff's lawsuit. *Id.* at 3.

Thereafter, on May 18, 2022, Plaintiff filed a motion for leave to file his second amended complaint and filed his second amended complaint. (Doc. Nos. 16, 17.) At this time, Plaintiff had made no further attempts at service. On May 20, 2022, the court issued an order permitting Plaintiff to file his second amended complaint in this matter. (Doc. No. 18.) The court, however, noted that Plaintiff's second amended complaint (Doc. No. 17) was now the operative pleading in this case and again ordered Plaintiff to serve his second amended complaint on all Defendants in accordance with Federal Rule of Civil Procedure 4. (Doc. No. 18, at 2.) The record reflects that Plaintiff acknowledged receipt of the court's orders regarding service. (Doc. Nos. 15, 20.) More than 90 days has passed since Plaintiff received the court's order directing Plaintiff to serve his second amended complaint and the court's docket sheet does not reflect that Plaintiff has made any attempts at service or returned executed summonses. Plaintiff's lawsuit has been pending for approximately six months and no service has been properly executed as contemplated by Federal

Rule of Civil Procedure 4(m).

The rules for serving process are intended to give defendants sufficient notice of an action filed against them. *See* 4 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1061 (4th ed. 2019) ("[Federal Rule 4] was designed to provide maximum freedom and flexibility in the procedures for giving all defendants...no matter where they might be located, notice of the commencement of the action."); *see also Goetz v. Synthesys Techs., Inc.*, 415 F.3d 481, 484 (5th Cir. 2005) (the primary purpose of the service requirements is to give defendants actual notice of litigation against them).

Plaintiff has been provided ample notice and opportunity to properly effect service of summons on the named Defendants. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed.R.Civ.P. 4(m). The court has twice ordered Plaintiff to effectuate service within a specified time, which he has failed to do. (Doc. Nos. 11, 18.)

Plaintiff has not shown good cause for failing to comply. The Fifth Circuit in *Thrasher v. Cty. of Amarillo*, 709 F.3d 509, 511–12 (5th Cir. 2013), affirmed the dismissal of a plaintiff's lawsuit despite his claim that he had good cause for delay in service of process because he suffered from mental illness; he initially proceeded *in forma pauperis*, and he did not understand that he could not himself serve process on the defendants. The district court dismissed the lawsuit for failure to effect service of process. Here, Plaintiff has not requested new summonses from the Clerk of the Court or requested an extension of time to comply since the receipt of the court's

orders to serve on May 11, 2022 and June 3, 2022. (Doc. Nos. 15, 20.) Plaintiff has failed to show cause for his failure to effect service of process.

Given that Plaintiff has failed to complete service during the six months that his lawsuit has been pending or request any further extensions, the court is not inclined to extend the time for Plaintiff to attempt service again. It is recommended that Plaintiff's claims against Defendants be dismissed, without prejudice, because the court has already extended the time for service far beyond the ninety days permitted by Federal Rule of Civil Procedure 4(m).

The court **RECOMMENDS** that Plaintiff's claims be dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 22nd day of September, 2022.**

*[Signature: John D. Love]*

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE